UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| GARY L., ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | 2:20-cv-00013-GZS |
| ) | |
| ANDREW M. SAUL, Commissioner of ) | |
| Social Security, ) | |
| ) | |
| Defendant ) | |

**REPORT AND RECOMMENDED DECISION**

On Plaintiff's application for disability insurance benefits under Title II of the Social Security Act and supplemental security income benefits under Title XVI, Defendant, the Social Security Administration Commissioner, found that Plaintiff has severe impairments but retains the functional capacity to perform substantial gainful activity. Defendant, therefore, denied Plaintiff's request for disability benefits. Plaintiff filed this action to obtain judicial review of Defendant's final administrative decision pursuant to 42 U.S.C. § 405(g).

Following a review of the record, and after consideration of the parties' arguments, I recommend the Court affirm the administrative decision.

**THE ADMINISTRATIVE FINDINGS**

The Commissioner's final decision is the June 25, 2019 decision of the Administrative Law Judge. (ALJ Decision, ECF No. 16-2.)[1] The ALJ's decision tracks

---

[1] Because the Appeals Council found no reason to review that decision (R. 2), Defendant's final decision is the ALJ's decision.

the familiar five-step sequential evaluation process for analyzing social security disability claims, 20 C.F.R. §§ 404.1520, 416.920.

The ALJ found that Plaintiff has severe, but non-listing-level impairments consisting of obesity, status post acute myocardial infarction and stent placement, ischemic cardiomyopathy, coronary artery disease, a depressive disorder, and an anxiety disorder. (R. 26.)  The ALJ also found that Plaintiff's sleep apnea, hypertension and angina, hyperlipidemia, and alcohol and marijuana use are not severe impairments, and Plaintiff's macular degeneration and hemophilia are not medically determinable impairments. (R. 26-27.)

The ALJ further found that as the result of the impairments, Plaintiff has a residual functional capacity (RFC) to perform light work, except Plaintiff can frequently reach or lift overhead bilaterally, occasionally climb ladders, ropes or scaffolds, and tolerate occasional exposure to extreme cold and wetness, but should avoid hazards such as unprotected heights, uneven surfaces, and dangerous machinery; he should also avoid bright lights. (R. 30.)  According to the ALJ, he can perform simple, routine tasks, can tolerate occasional interaction with supervisors, coworkers, and the general public, and can tolerate simple changes in the work routine. (*Id.*)

The ALJ determined that Plaintiff is unable to perform any past relevant work. Considering Plaintiff's age, education, work experience, and RFC, and relying in part on the testimony of a vocational expert, the ALJ found that jobs exist in significant numbers in the national economy that Plaintiff can perform, including the jobs of small parts assembler and hand packager. (R. 39-40.)

## STANDARD OF REVIEW

A court must affirm the administrative decision provided the decision is based on the correct legal standards and is supported by substantial evidence, even if the record contains evidence capable of supporting an alternative outcome. *Manso-Pizarro v. Sec'y of HHS*, 76 F.3d 15, 16 (1st Cir. 1996) (per curiam); *Rodriguez Pagan v. Sec'y of HHS*, 819 F.2d 1, 3 (1st Cir. 1987). Substantial evidence is evidence that a reasonable mind might accept as adequate to support a finding. *Biestek v. Berryhill*, -- U.S. --, 139 S.Ct. 1148, 1154 (2019); *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Sec'y of HHS*, 647 F.2d 218, 222 (1st Cir. 1981). "The ALJ's findings of fact are conclusive when supported by substantial evidence, but they are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999).

## DISCUSSION

Plaintiff contends the ALJ erred because he failed to consider all of Plaintiff's disabilities when formulating the hypothetical questions presented to the vocational expert and in subsequently relying on the resulting testimony of the vocational expert. Plaintiff's arguments implicate the ALJ's determinations at step 2, the ALJ's assessment of Plaintiff's RFC, and the ALJ's finding at step 5.

**A.  Step 2 Determinations**

At step 2 of the sequential evaluation process, a claimant must demonstrate the existence of impairments that are "severe" from a vocational perspective, and that the impairments meet the durational requirement of the Social Security Act.  20 C.F.R. §

416.920(a)(4)(ii).  The step 2 requirement of "severe" impairment imposes a *de minimis* burden, designed merely to screen groundless claims.  *McDonald v. Sec'y of HHS,* 795 F.2d 1118, 1123 (1st Cir. 1986).  An impairment or combination of impairments is not severe when the medical evidence "establishes only a slight abnormality or combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work even if the individual's age, education, or work experience were specifically considered."  *Id.* at 1124 (quoting Social Security Ruling 85–28).  In other words, an impairment is severe if it has more than a minimal impact on the claimant's ability to perform basic work activities on a regular and continuing basis.  *Id.*

At step 2, medical evidence is required to support a finding of severe impairment.  20 C.F.R. § 404.1521.  *See also* Social Security Ruling 96-3p ("Symptoms, such as pain, fatigue, shortness of breath, weakness, or nervousness, will not be found to affect an individual's ability to do basic work activities unless the individual first establishes by objective medical evidence (i.e., signs and laboratory findings) that he or she has a medically determinable physical or mental impairment(s) and that the impairment(s) could reasonably be expected to produce the alleged symptom(s).") (citation omitted).  A diagnosis, standing alone, does not establish that the diagnosed impairment would have more than a minimal impact on the performance of work activity.  *Dowell v. Colvin*, No. 2:13-cv-00246-JDL, 2014 WL 3784237, at *3 (D. Me. July 31, 2014).  Moreover, even severe impairments may be rendered non-severe through the ameliorative influence of medication and other forms of treatment.  *Parsons v. Astrue*, No. 1:08-cv-218-JAW, 2009 WL 166552, at *2 n.2, *aff'd*, 2009 WL 361193.  Plaintiff bears the burden of proving that

4

he "has a medically severe impairment or combination of impairments," *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987), that "significantly limit[] [his] physical or mental ability to do basic work activities," 20 C.F.R. §§ 404.1520(c), 416.920(c).

Plaintiff argues that the ALJ did not consider all of Plaintiff's alleged medical impairments or improperly concluded that the impairments were not severe. As to Plaintiff's physical impairments, the ALJ determined that Plaintiff has the severe impairments of obesity, status post acute myocardial infarction and stent placement, ischemic cardiomyopathy, and coronary artery disease.  He also found that Plaintiff's sleep apnea, hypertension and angina did not satisfy the severity requirements necessary to constitute severe medically determinable impairments. (R. 26.)  The ALJ cited medical records reflecting that although medical testing was consistent with a diagnosis of sleep apnea (*id*., citing R. 487-93, 501-07), Plaintiff was not using a CPAP machine and the state agency medical consultant, Jennifer Rogers Marshall, M.D., opined that Plaintiff's sleep apnea caused no more than a minimal limitation on Plaintiff's ability to work.  (R. 129, 134, 141, 146.)  The ALJ further noted the record showed that Plaintiff's hypertension and angina were controlled by medication; Dr. Marshall found that the conditions were not severe impairments.  (R. 26.)

Plaintiff has cited no medical evidence or expert opinion to support his contention that his sleep apnea, hypertension, and angina are severe impairments. Furthermore, the ALJ considered Plaintiff's reported fatigue, a symptom of Plaintiff's sleep apnea, and the

5

effects of Plaintiff's cardiac impairments in his assessment of Plaintiff's RFC.[2]  (R. 26.) The ALJ's findings are supportable.

With respect to Plaintiff's mental impairments, Plaintiff alleges that the ALJ failed to consider his "anger problems." (Statement of Errors at 2.)  The ALJ found that Plaintiff had severe impairments of a depressive disorder and an anxiety disorder. (R. 26.) The record includes the report of consultative examiner Donna Gates, Ph.D., who, while noting Plaintiff's self-report of irritability and rages, diagnosed depressive and anxiety disorders. (R. 521, 522, 525.)  Based on Dr. Gates' opinion, the ALJ assessed significant limitations in Plaintiff's RFC due to Plaintiff's mental impairments, limiting him to simple and routine tasks with simple changes in work routine, and only occasional interaction with supervisors, coworkers, and the general public. (R. 30.)  The ALJ's findings are supported by expert opinion and the medical record.

Even if the ALJ erred at step 2, however, remand is only appropriate when the claimant can demonstrate that an omitted impairment imposes a restriction beyond the physical and mental limitations recognized in the RFC finding, and that the additional restriction is material to the ALJ's "not disabled" finding at step 4 or step 5. *Socobasin v. Astrue,* 882 F. Supp. 2d 137, 142 (D. Me. 2012) (citing *Bolduc v. Astrue,* No. 09–CV–220–

---

[2] The ALJ also found that Plaintiff's macular degeneration was not a medically determinable impairment because there was no mention of such ailment in the medical evidence. (R. 26.)  Nonetheless, given Plaintiff's testimony at hearing (*see* R. 64-65), the ALJ included an assessment that Plaintiff should avoid bright lights in his RFC finding. (R. 30.)  Plaintiff also testified that he fainted periodically. (*See* R. 60-61).  In assessing Plaintiff's RFC, the ALJ wrote that he considered all symptoms claimed by Plaintiff and the extent to which those symptoms could reasonably be accepted as consistent with the objective medical evidence and other evidence, as required by 20 C.F.R. §§ 404.1529, 416.929 and SSR 16-3p.  (R. 30.)

B–W, 2010 WL 276280, at *4 n. 3 (D. Me. Jan. 19, 2010) ("[A]n error at Step 2 is uniformly considered harmless, and thus not to require remand, unless the plaintiff can demonstrate how the error would necessarily change the outcome of the plaintiff's claim.")). Here, a review of the record and the ALJ's decision reveals that in formulating the RFC, the ALJ considered the symptoms related to Plaintiff's physical and mental health, including the symptoms that might have been generated by non-severe impairments. Plaintiff has not demonstrated that the RFC should include any additional restrictions. Accordingly, the ALJ's step 2 findings do not warrant remand.[3]

## B. RFC Finding

The ALJ found that Plaintiff could perform light work, with certain limitations. (R. 30.) As noted above, Plaintiff asserts that the ALJ erred because he failed to account for all of Plaintiff's alleged impairments in the RFC assessment.

To establish harmful error, Plaintiff must establish that he is more limited than the ALJ determined. *Jones v. Astrue*, No 1:10-cv-00179-JAW, 2011 WL 1253891, at *6 (D. Me. Mar. 30, 2011). For claims filed on or after March 27, 2017, such as Plaintiff's, the

---

[3] At step 3 of the sequential evaluation process, the Commissioner considers whether a claimant's impairments meet or equal the criteria set forth in the "listings" found in appendix 1 of the disability regulations. 20 C.F.R. § 416.920(a)(iii). If so, the claimant is deemed disabled without any further analysis of the claimant's residual functional capacity to perform past relevant work or other work in the national economy. *Id*., § 416.920(d); *see also* 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.00(A) ("The listings are so constructed that an individual with an impairment(s) that meets or is equivalent in severity to the criteria of a listing could not reasonably be expected to do any gainful activity."); 20 C.F.R. § 416.925(a) (same). At step 3, the claimant bears the burden of proving that her impairment or combination of impairments meets or equals a listing. 20 C.F.R. § 416.920(d); *Dudley v. Sec'y of Health & Human Servs*., 816 F.2d 792, 793 (1st Cir. 1987). "For a claimant to show that his impairment matches a listing, it must meet all of the specified medical criteria." *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990). The ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. To the extent Plaintiff contends that the ALJ erred in failing to determine that the combination of his impairments met or equaled a listing, Plaintiff's argument is unpersuasive.

regulations that govern the ALJ's evaluation of opinion evidence provide that an ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s)[.]" 20 C.F.R § 404.1520c(a). Moreover, while an ALJ must consider the listed factors – supportability, consistency, relationship with the claimant, specialization, and other factors – "as appropriate[,]" *id*., § 404.1520c(a) & (c), he or she need only explain his or her consideration of the two "most important factors[,]" supportability and consistency, and "may, but [is] not required to, explain how [he or she] considered" the remaining three factors. *Id*., § 404.1520c(b)(2); *see also Ryan M. St. P. v. Saul*, No. 2:19-cv-00169-NT, 2020 WL 1672785, *2 (D. Me. April 6, 2020).[4]

The ALJ discussed in detail the results of his review of the record. He found that Plaintiff's statements concerning the intensity, persistence and limiting effects of his symptoms were not entirely consistent with the medical and other evidence in the record.[5] (R. 32.) The ALJ also noted that following Plaintiff's myocardial infarction, the medical records reflect improvement in his condition and no treatment after October 2017. (*Id*.) The ALJ further determined that Plaintiff's claim of anxiety is not supported by medical evidence of record, as Plaintiff had not received any medical treatment (other than a single,

---

[4] The regulations regarding the opinions of federal and state agency medical and psychological consultants, which opinions are now deemed "prior administrative medical finding(s)," have been revised to provide that, while an ALJ is not required to adopt prior administrative medical findings, the ALJ must still consider this evidence in accordance with the regulations as appropriate, inasmuch as federal or state agency medical or psychological consultants are experts in Social Security disability evaluation. 20 C.F.R. § 404.1513a(b)(1) (citing 20 C.F.R. §§ 404.1520b, 404.1520c, 404.1527); 416.913a(b)(1) (citing 20 C.F.R. §§ 416.920b, 416.920c, 416.927).

[5] An ALJ's evaluation of a claimant's statements is entitled to a deferential standard of review. *See Vito S. S., Jr. v. Saul*, No. 1:18-cv-0229, 2019 WL 2578077, at *2 (D. Me. June 24, 2019), *adopted*, 2019 WL 3082414 (D. Me. July 15, 2019).

8

unrelated emergency department visit) since October 2017, has had largely normal mental status exams, and received no mental health treatment from any mental health practitioner. (R. 32.)

The ALJ found the opinion of Dr. Marshall to be persuasive, as well as the report and opinions of Dr. Gates.[6] The ALJ noted that Dr. Marshall reviewed the entirety of Plaintiff's medical records with respect to Plaintiff's physical impairments and determined that Dr. Marshall's RFC opinion was supported by that evidence, including the objective medical evidence. (R. 36.) The ALJ concluded that the opinions of Dr. Gates, the only mental health specialist to examine Plaintiff, were consistent with the mental status exam findings and other medical record evidence. (*Id.*) In short, the ALJ's assessment of Dr. Marshall's and Dr. Gates' opinions is supported by the record.[7]

Plaintiff references medical records dated at the time Plaintiff suffered his myocardial infarction as evidence that the ALJ failed to consider properly Plaintiff's cardiac condition. (*See* R. 424, 428, 429.) The records Plaintiff cites were generated in the month of the myocardial infarction, but subsequent records reveal improvement in his condition and no additional treatment. (R. 32; *see* R. 459-63.) The records do not support

---

[6] The ALJ did not find persuasive the findings of state agency medical consultant Donald Trumball, M.D., or the opinions of state agency psychological consultants David R. Houston, Ph.D. and Brian Stahl, Ph.D. (R. 36.) Although Plaintiff argues that Dr. Trumbull did not include all of Plaintiff's alleged disabilities in his assessment (Statement of Errors at 1), the ALJ did not rely on Dr. Trumbull's opinion and thus Plaintiff's argument regarding Dr. Trumbull's opinion does not require remand.

[7] "[T]his court has frequently held that state-agency reviewers' opinions may be sufficient to support an assigned RFC." *Gagnon v. Colvin*, No. 2:13-cv-00213-NT, 2014 WL 3530629, at *3 (D. Me. July 15, 2014); *see also Powers v. Barnhart*, Civil No. 04-86-P-C, 2004 WL 2862170-, at *2 (D. Me. Dec. 13, 2004); *Larck v. Barnhart*, Civil No. 02-112-BWm 2003 WL 22466173, at *2 (D. Me. Oct. 31, 2003).

Plaintiff's claim of prejudicial error.

Plaintiff has also not shown prejudicial error in the ALJ's findings regarding his mental RFC, which limits Plaintiff to simple, routine tasks with simple changes in the work routine and only occasional interactions with others. (R. 30.) The ALJ supportably relied upon Dr. Gates' opinion. The ALJ's evaluation of the impact of Plaintiff's "mental impairments on his or her ability to meet the basic demands of work, namely, the abilities to understand, carry out, and remember simple instructions; respond appropriately to supervision, coworkers, and customary work situations; and deal with changes in a routine work setting" is sufficient and supportable. *Poulin v. Colvin*, No. 14-30, 2015 WL 237326, at *3 (D. Me. Jan. 18, 2015) (citing *Lancellota v. Sec'y of Health and Human Servs.*, 806 F.2d 284 (1st Cir. 1986).

## C.  Vocational Expert Testimony

To the extent that Plaintiff challenges the testimony of the vocational expert depend on the Court finding that the ALJ's step 2 and RFC findings are erroneous, given the above analysis, Plaintiff's argument must fail.

Plaintiff argues that the hypotheticals presented to the vocational expert by the ALJ did "not factor the light aversion or the anxiety condition …." (Statement of Errors at 2.) "In order for a vocational expert's answer to a hypothetical question to be relevant, the inputs into that hypothetical must correspond to conclusions that are supported by the outputs from the medical authorities." *Arocho v. Sec'y of Health & Human Servs.*, 670 F.2d 374, 375 (1st Cir. 1982).

Contrary to Plaintiff's argument, the ALJ's hypotheticals included the need to account for light aversion and for only occasional interaction with supervisors, coworkers and the general public.[8] (R. 78.) Plaintiff's argument is essentially another challenge to the RFC finding – that the RFC finding did not account for all of Plaintiff's impairments and limitations. As explained above, the ALJ's RFC finding is supportable. Accordingly, Plaintiff's related challenge to the hypothetical questions fails. *See Bowden v. Colvin*, No. 1:13-cv-201-GZS, 2014 WL 1664961, at *4 (D. Me. Apr. 25, 2014) (because Court rejected claimant's RFC challenge, "corollary argument regarding the hypothetical question must fail as well.")

## CONCLUSION

Based on the foregoing analysis, I recommend the Court affirm the administrative decision.[9]

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

---

[8] The vocational expert identified two occupations (small parts assembler and hand packager) upon which the ALJ relied to support his finding that Plaintiff could perform "work that exists in significant numbers in the national economy." (R. 39.)

[9] Plaintiff argues that, given the COVID-19 pandemic, his underlying heart disease makes "finding gainful employment dangerous and ill-advised." (Statement of Errors at 2.) Plaintiff essentially contends that evidence generated subsequent to the hearing before the ALJ and the ALJ's June 2019 decision warrants remand. In reviewing an ALJ's decision, a court can only consider evidence presented to the ALJ. *See Mills v. Apfel*, 244 F.3d 1, 4 (1st Cir. 2001) (a court "may review the ALJ decision solely on the evidence presented to the ALJ").

      Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

      /s/ John C. Nivison
      U.S. Magistrate Judge

Dated this 30th day of September, 2020.